# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**DARRELL E. SWAN**                                             **PETITIONER**

No. 4:25-cv-01160 KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Darrell E. Swan ("Swan") filed a motion for default judgment (Doc. No. 16) in this federal habeas corpus case on grounds that defendant Dexter Payne

1

("Payne") filed an untimely response.  The undersigned recommends the motion be DENIED.

Before filing this motion, Swan filed a motion to dismiss the case due to Payne's failure to timely respond to his petition.  Doc. No. 13.  On March 25, the undersigned recommended denying this motion.  Doc. No. 14.

The motion for default judgment presents the identical issues raised in the motion to dismiss.  The earlier Proposed Findings and Recommendation set forth the facts and the reasons why the case should not be dismissed, and they will be repeated here. Default judgment for failure to timely answer the habeas petition is not available.  While the Eighth Circuit has not ruled on the issue, every other circuit addressing it has decided a petitioner is not entitled to default judgment due to a tardy filing by the respondent.  *See, e.g., Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.), *cert. denied,* 469 U.S. 874 (1984); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir.), *cert. denied,* 452 U.S. 920 (1981); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir.1987) (recognizing a default judgment is not contemplated in habeas corpus cases); *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir.), *cert. denied,* 400

U.S. 906 (1970) ("Rule 55(a) has no application in habeas corpus cases").  District courts within the Eighth Circuit have arrived at the same result.  Notably, this Court agreed with this principle in *Bradford v. Hobbs*, 2012 WL 2087384 (E.D. Ark. May 23, 2012).  As in *Bradford*, where the delay was two months, there is no showing of prejudice to Swan even if the response was untimely by a few days.

For these reasons, the undersigned recommends denying the motion for default judgment.

IT IS SO ORDERED this 13th day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE